UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund and Twin City Carpenters Pension Master Trust Fund and each of their successors; John Raines as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors,<br><br>    Plaintiffs,<br><br>v.<br><br>Lipe Brothers Construction, Inc.,<br><br>    Defendant. | Civil No. 17-659 (PAM/LIB)<br><br>**ORDER FOR<br>DEFAULT JUDGMENT** |

This matter is before the Court on Plaintiffs' Motion for Default Judgment. (Docket No. 10). Bryan Morben, of Anderson, Helgen, Davis & Cefalu, PA, appeared on behalf of the Plaintiffs at a hearing held on October 5, 2017. There was no appearance on behalf of Defendant.

## FINDINGS OF FACT

1. The Complaint was filed with the Court on March 2, 2017, and was served on Defendant Lipe Brothers Construction, Inc. ("Lipe Brothers"), on March 9, 2017.

2. Lipe Brothers failed to file an Answer with the Clerk of Court or serve an Answer on Plaintiffs' counsel, and the time allowed by law for Lipe Brothers to answer the Complaint has lapsed.

3. The Clerk entered default on April 4, 2017.

4. Plaintiffs John Raines and Tim McGough are Trustees and fiduciaries of the above-referenced fringe benefit plans ("the Funds") under 29 U.S.C. § 1002(21).

5. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended 29 U.S.C. § 186(c)(5).

6. The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

7. Lipe Brothers is bound to the terms of a Collective Bargaining Agreement ("CBA") with the North Central States Regional Council of Carpenters, Local Unions #361 and 606.

8. The CBA requires Lipe Brothers to make fringe-benefit contributions to the Funds in accordance with its terms. These contributions must be made for the purpose of funding employee benefits on behalf of all employees covered by the CBA and in amounts set forth in the CBA.

9. The CBA requires Lipe Brothers to complete a report form as required by the Trustees, identifying each of its employees and each hour worked by that employee during the month performing covered service. The CBA also requires Lipe Brothers to submit the report form with the payment for the amounts due not later than the 15th day of the following month. All contributions must be made and all reports must be

submitted to Wilson-McShane Corporation, 3001 Metro Dr #500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

10. The Defendant is required to make available its employment and payroll records for examination and audit by the Trustees or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Funds and to ascertain whether Lipe Brothers has complied with their contribution obligations.

11. The CBA provides that Lipe Brothers is liable for liquidated damages of ten percent for failure to submit monthly reports and contributions in a timely fashion, and further provides that Plaintiffs are entitled to their attorney's fees and costs incurred in the collecting any delinquency.

12. Plaintiffs requested that Lipe Brothers produce its employment, tax, and payroll records for an audit covering the period of October 2016 to the date of this Order ("Audit Period").

13. Defendant has breached its obligations under the CBA by failing to submit the following records for audit and review as requested by Plaintiffs:

    a. Quarterly Form 941 Reports (3rd Quarter 2016, 4th Quarter 2016, and 1st Quarter 2017);

    b. Quarterly SUTA Reports (3rd Quarter 2016, 4th Quarter 2016, and 1st Quarter 2017);

    c. Form 1099s and 1096s for 2016 and 2017; and

    d. Form W2s and Form W3s for 2016 and 2017.

14. Liquidated damages due and owing to the Funds cannot be determined until Lipe Brothers submits the relevant records.

## CONCLUSIONS OF LAW

1. Lipe Brothers is in default, and Plaintiffs are entitled to entry of a default judgment.

2. Pursuant to ERISA §§ 515 and 502(a)(3), Lipe Brothers must produce all records requested by Plaintiffs for audit and review as required by the CBA, which will enable Plaintiffs to accurately identify whether any fringe benefit contributions are due for the Audit Period.

3. Lipe Brothers is liable to Plaintiffs for all fringe benefit contributions found to be due for the Audit Period, associated liquidated damages, and reasonable attorney's fees and costs incurred in collecting the delinquency pursuant to 29 U.S.C. § 1132(a), (g).

## ORDER

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motion for Default Judgment (Docket No. 10) is **GRANTED**;

2. Defendant is **ORDERED** to produce records for the Plaintiffs to conduct the requested audit for the Audit Period, specifically including:

   a. Quarterly Form 941 Reports (3rd Quarter 2016, 4th Quarter 2016, and 1st Quarter 2017);

   b. Quarterly SUTA Reports (3rd Quarter 2016, 4th Quarter 2016, and 1st Quarter 2017);

   c. Forms 1099 and 1096 for 2016 and 2017; and

      d.      Forms W2 and W3 for 2016 and 2017;

3. Defendant shall submit those records to Wilson-McShane Corporation, 2002 London Road, Suite 300, Duluth, MN 55812, to be inspected within 10 days of entry of this Order;

4. Defendant is liable to Plaintiffs for:

      a.      Delinquent contributions and liquidated damages due and owing for the Audit Period, pursuant to the CBA; and

      b.      Plaintiffs' reasonable attorney's fees and costs incurred in pursuing delinquent contributions; and

5. The Court will determine the amount of contributions, liquidated damages, and attorney's fees and costs as follows:

      a.      After completion of the audit, Plaintiffs may move the Court for entry of a money judgment for all unpaid contributions, liquidated damages, and reasonable attorney's fees and costs.

      b.      Defendant may then file and serve a response to the Plaintiffs' Motion within ten days of the date the Plaintiffs' Motion is served.

      c.      The Court will examine the parties' submissions and issue an order for judgment as the Court deems appropriate. No hearing will be held unless the Court orders otherwise.

Date: <u>October 6, 2017</u>

                                                *s/ Paul A. Magnuson*
                                                Paul A. Magnuson
                                                United States District Court Judge